IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON

EDWARD ARTHUR GRIFFIN,

        Plaintiff,

v.

THE UNITED STATES OF AMERICA,

        Defendant.

Case No. 3:23-cv-01003-HZ

ORDER TO DISMISS

HERNANDEZ, District Judge.

On July 7, 2023, Plaintiff filed this civil action alleging that Bureau of Prisons ("BOP") personnel wrongfully deprived him of his personal property during a cell search at FCI-Sheridan in violation of the Federal Tort Claims Act ("FTCA"). On January 26, 2024, Defendant filed a Motion (#12) asking the Court to dismiss the action for lack of subject matter jurisdiction. For the reasons that follow, the Motion to Dismiss is granted.

## BACKGROUND

Plaintiff is currently serving a 180-month sentence within the BOP following his conviction for Felon in Possession of a Firearm in the District of Mississippi. He alleges that

1 - ORDER TO DISMISS

BOP correctional officers searched his cell on July 27, 2022, and they disposed of his personal property without offering any justification for doing so.

On August 17, 2022, Plaintiff filed an administrative tort claim regarding the loss of his property. Declaration of Danielle Rogowski at ¶2(b). As a result, the BOP conducted a Tort Claim Investigation the following month and concluded that there was no record that staff had confiscated Plaintiff's property. *Id* at ¶2(c), Att. C at 4. On December 5, 2023, the BOP issued its final decision on the matter, finding no wrongdoing or negligence by prison staff that resulted in the loss. *Id* at 2 ¶(d), Att. D. Plaintiff disagrees, alleges that BOP staff wrongfully deprived him of his personal property, and seeks litigation costs, compensatory damages, and punitive damages.

## **STANDARDS**

When a defendant moves to dismiss an action pursuant to Fed. R. Civ. P. 12(b)(1) for lack of subject matter jurisdiction, the plaintiff bears the burden of establishing that the court does, indeed, have jurisdiction. *Kokkonen v. Guardian Life Ins. Co. of Am.*, 511 U.S. 375, 377, (1994). Dismissal is appropriate if a Complaint fails to allege facts sufficient to establish subject matter jurisdiction. *Savage v. Glendale Union High Sch.*, 343 F.3d 1036, 1039 n.2 (9th Cir. 2003), *cert. denied*, 541 U.S. 1009 (2004). Alternatively, a defendant may seek dismissal under Rule 12(b)(1) by presenting evidence to refute the jurisdictional facts alleged in the complaint. *Id.* Once the defendant has introduced such evidence, the plaintiff "must furnish affidavits or other evidence necessary to satisfy its burden of establishing subject matter jurisdiction." *Savage*, 343 F.3d at 1039 n. 3 (citation omitted).

///

## DISCUSSION

The Federal Tort Claims Act ("FTCA") acts as a waiver of the United States' sovereign immunity. It authorizes "claims against the United States, for money damages . . . for injury or loss of property . . . caused by the negligent or wrongful act or omission of any employee of the Government while acting within the scope of his office or employment." 28 U.S.C. § 1346(b)(1). However, the FTCA is limited in some respects. Applicable to this case, the FTCA waiver of sovereign immunity does not encompass "[a]ny claim arising in respect of the . . . detention of any goods, merchandise, or other property by any officer of customs or excise or any other law enforcement officer." 28 U.S.C. § 2680(c). If Plaintiff's claim falls within this exception, dismissal for lack of subject matter jurisdiction is appropriate. *See DaVinci Aircraft, Inc. v. United States*, 926 F.3d 1117, 1123 (9th Cir. 2019).

Defendant asserts that this case falls squarely within the detention of goods exception, and directs the Court's attention to *Ali v. Federal Bureau of Prisons*, 552 U.S. 214 (2008). In *Ali,* the BOP transferred a prisoner between institutions. When the prisoner arrived at his target destination, he realized of his personal belongings were missing. He therefore filed an administrative tort claim seeking $177.00 in compensation, but the BOP denied his claim because he had signed a receipt certifying delivery of all of his property. *Id* at 216. He then brought suit under the FTCA arguing that the United States had waived its sovereign immunity as to the correctional officers who had deprived him of his property. Those officers were not included within the statutory language exempting "any officer of customs or excise or any other law enforcement officer" from the waiver of immunity. The Supreme Court disagreed and held that the exemption specified in 28 U.S.C. § 2680(c) encompassed BOP correctional officers. *Id*

3 - ORDER TO DISMISS

at 227. As a result, the Supreme Court concluded that the district court lacked jurisdiction over the subject matter.

Plaintiff in this case asserts that his case is distinguishable from *Ali* for three reasons: (1) BOP officials simply disposed of his property without actually "detaining" it such that the detention of goods exception is inapplicable; (2) *Ali* involved property that was detained for a short period of time and then returned to him with some items missing, whereas the deprivation of property in this case was total and permanent; and (3) the plaintiff in *Ali* certified that his property had been delivered to him, whereas Plaintiff in this case made no such certification. The Court addresses each of these arguments in turn.

Plaintiff's first argument is that BOP personnel never actually "detained" his personal property because they simply disposed of it. He contends that if they had actually placed his items in detention, they would have taken the steps mandated by official regulations to document the confiscation and permit Plaintiff the option to mail the property to an address of his choosing and at his expense. The detention of goods exception of § 2680(c), however, extends beyond the semantics of a "detention" and "generally is interpreted broadly." *Foster v. U.S.,* 522 F.3d 1071, 1074 (9th Cir. 2008). "[B]road interpretations of the detention of good exception to the FTCA comport with the well-established principle that waivers of sovereign immunity must be construed strictly in favor of the sovereign." *Id* (citing *Lane v. Pena,* 518 U.S. 187, 192 (1996) and *United States v. 87 Skyline Terrace*, 26 F.3d 923, 929 (9th Cir. 1994)). The loss of Plaintiff's property occurred while it was within the control of the BOP. This is sufficient to satisfy the detention of goods exception.

Plaintiff also states that, unlike the situation in *Ali* where the prisoner received most of his property after a short period of detention, his property was never returned to him thus the deprivation was permanent. Whether a deprivation of personal property is temporary or permanent is immaterial when applying the detention of goods exception. *Da Vinci,* 926 F.3d at 1124 ("we have not made any distinction between a permanent or temporary detention").

Finally, Plaintiff points out that unlike the plaintiff in *Ali,* he did not sign any documents certifying that BOP officers had returned his property to him, thus he did not take any action that might relinquish any claim he might have. While it is true that Plaintiff in this case did not certify a return of his property, this factual distinction has no bearing on the ultimate legal issue in this case, *i.e.*, whether the United States has waived its sovereign immunity under the FTCA for the negligence or other wrongful acts or omissions of its correctional officers. Accordingly, the detention of goods exception to the FTCA applies in this case and the Court lacks jurisdiction over the subject matter.

In the alternative, Plaintiff asks the Court to convert this action from an FTCA lawsuit to one arising under *Bivens v. Six Unknown Named Agents of Fed. Bureau of Narcotics*, 403 U.S. 388 (1971). A *Bivens* suit is not available against Defendant because *Bivens* actions are limited to individual capacity lawsuits brought against government officials. *Ashcroft v. Iqbal,* 556 U.S. 662, 676 (2009). Stated differently, conversion is not appropriate because there is no viable Defendant named in this lawsuit for purposes of a *Bivens* action. *See Nettles v. Grounds*, 830 F.3d 922, 935-37 (9th Cir. 2016) (pleading not amenable to conversion if it does not name the correct defendants). For all of these reasons, Defendant's Motion to Dismiss is granted.

///

5 - ORDER TO DISMISS

## CONCLUSION

Defendant's Motion to Dismiss (#12) is granted, and Plaintiff's Complaint (#1) is dismissed for lack of subject matter jurisdiction.

IT IS SO ORDERED.

__April 14, 2024__  
DATE

_____  
Marco A. Hernandez  
United States District Judge